J-S43002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO A.R.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.L.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1055 MDA 2023 |

Appeal from the Decree Entered June 29, 2023
In the Court of Common Pleas of Centre County Orphans' Court at No(s):
2022-4597

| | | |
|---|---|---|
| IN RE: TERMINATION OF PARENTAL RIGHTS TO R.L.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.L.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1056 MDA 2023 |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Centre County Orphans' Court at No(s):
4264

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: FEBRUARY 27, 2024**

S.L.C. ("Mother") appeals from the decrees terminating her parental rights as to her children, A.R.B. and R.L.B. (collectively, "Children").[1] We vacate and remand for further proceedings.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court also terminated the parental rights of R.L.B.'s father and his appeal is pending separately at No. 1025 MDA 2023.

Given our disposition, we briefly summarize the facts of the case. In September 2019, Centre County Children and Youth Services ("CYS") obtained an emergency order of protective custody of A.R.B. due to a report of Mother's homelessness, drug use, and inappropriate discipline. N.T., 3/22/23, at 12, 18. A.R.B was adjudicated dependent and placed in a kinship foster home. *Id.* at 22-23. R.L.B. was born in December 2020. *Id.* at 57. Shortly after R.L.B.'s birth, CYS obtained an emergency order of protective custody of her. *Id.* at 57-58. This was due to Mother's ongoing housing instability, substance abuse, and failure to cooperate with CYS. *Id.* at 58-61. R.L.B.'s father, R.L.B ("Father"), was incarcerated at that time. *Id.* at 62. R.L.B. was placed in the same foster home as her half-sibling, A.R.B. *Id.* at 68. Father was released from prison in May 2021. N.T., 6/22/23, at 125.

CYS filed petitions for the involuntary termination of Mother's and Father's parental rights in January 2023. The court held hearings on the petitions on March 22, 2023, March 23, 2023, and June 22, 2023. The trial court found that CYS proved by clear and convincing evidence that Mother's and Father's parental rights should be terminated under Sections 2511(a)(2), (5), and (8) and Section 2511(b) of the Adoption Act. This appeal followed.

Mother raises the following issues:

I.  Did the trial court commit an abuse of discretion and/or error of law in finding that clear and convincing evidence existed to justify termination of biological [Mother's] rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (a)([5]) and (a)(8)?

II. Did the trial court commit an abuse of discretion and/or error of law in determining that the Child[ren's]

developmental, physical and emotional needs and welfare were being advanced by terminating biological [Mother's] parental rights?

III. Did the trial court commit an abuse of discretion and/or error of law in that insufficient evidence existed to assess the bond between the Child[ren] and biological [Mother] so as to ensure that termination would best serve the needs and welfare of the minor Child[ren]?

Mother's Br. at 2 (trial court answers and some capitalization omitted).

We review an order involuntarily terminating parental rights for an abuse of discretion. *In re G.M.S.*, 193 A.3d 395, 399 (Pa.Super. 2018). In termination cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (quoting *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012)). "If the factual findings have support in the record, we then determine if the trial court committed an error of law or abuse of discretion." *In re Adoption of K.C.*, 199 A.3d 470, 473 (Pa.Super. 2018). We will reverse a termination order "only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *In re Adoption of S.P.*, 47 A.3d at 826 (citation omitted).

A party seeking to terminate parental rights has the burden of establishing grounds for termination by "clear and convincing evidence." *In re Adoption of K.C.*, 199 A.3d at 473 (citation omitted). Clear and convincing evidence means evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of

the truth of the precise facts in issue." *Id.* (quoting *In re Z.S.W.*, 946 A.2d 726, 728-29 (Pa.Super. 2008)).

Termination of parental rights is controlled by Section 2511 of the Adoption Act. *In re L.M.*, 923 A.2d 505, 511 (Pa.Super. 2007). Under this provision, the trial court must engage in a bifurcated analysis prior to terminating parental rights:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*Id.* (citations omitted).

We only address Mother's third issue as it is dispositive. Mother argues that there was no evidence presented of the bond between Mother and Children and the effect on Children of severing that bond. Mother's Br. at 4. Mother therefore contends that the court was unable to conduct a proper analysis under Section 2511(b). *Id.* We agree.

The focus under Section 2511(b) is not on the parent, but on the child. *In re Adoption of R.J.S.*, 901 A.2d 502, 508 (Pa.Super. 2006). Under Section 2511(b), the trial court must consider "the developmental, physical and emotional needs and welfare of the child" to determine if termination of

parental rights is in the best interest of the child. **See** 23 Pa.C.S.A. § 2511(b). This inquiry involves assessment of "[i]ntangibles such as love, comfort, security, and stability[.]" **In re C.M.S.**, 884 A.2d 1284, 1287 (Pa.Super. 2005).

The court must also examine the parent-child bond, "with utmost attention to the effect on the child of permanently severing that bond." **Id.** It must determine whether severing the bond "would destroy an existing, necessary and beneficial relationship." **In re N.A.M.**, 33 A.3d 95, 103 (Pa.Super. 2011) (citation omitted). When a trial court fails to fully explore the emotional needs of a child under Section 2511(b), this Court may vacate a decree terminating parental rights. **See Interest of J.R.R.**, 229 A.3d 8, 13-14 (Pa.Super. 2020). This Court "has in the past reversed and remanded termination cases in which the child welfare agency failed to present sufficient evidence concerning the presence or absence of a parent-child bond and the likely effect of its permanent cleavage on the child." **In re S.D.T., Jr.**, 934 A.2d 703, 706 (Pa.Super. 2007) (citation and internal quotation marks omitted).

Here, the trial court failed to address whether a bond existed between Mother and Children, and, if so, how severing that bond would affect Children. The court's Section 2511(b) analysis focuses exclusively on the bond between Children and foster mother and the bond between the two siblings. Our review of the record confirms that the presence or absence of a bond between Mother and Children was not directly addressed in any way by the testimony of any

witness. There was also no testimony concerning the likely effect on Children of permanently severing any bond that might exist. While there was testimony that A.R.B. was bonded to her foster mother and wished to remain living with her, this testimony was not directly relevant to the issue of an emotional bond, if any, between Mother and A.R.B.[2] There was also no testimony as to any bond between Mother and R.L.B.

Accordingly, we conclude the trial court abused its discretion in granting termination in the absence of evidence or analysis of whether a bond exists between Mother and Children, and whether termination of Mother's parental rights would destroy an existing, necessary, and beneficial relationship. Therefore, we vacate the decrees terminating Mother's parental rights and remand the case for the trial court to have an opportunity to hear evidence relevant to the Section 2511(b) analysis, including whether a bond exists between Mother and Children and the likely effect on Children of permanently severing such a bond, and render a new decision.

---

[2] We note that while A.R.B.'s therapist testified that A.R.B. had a strong bond with foster mother, she specifically stated that she never observed A.R.B. with Mother so she could not determine any bond between them. **See** N.T. 3/23/23, at 124.

Decrees vacated. Cases remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024